## THOMAS BUCHANNON by JESSE GREEN and WIFE, Guardians, v. WILLIAM HUFFINGTON.

Court of Common Pleas. Sussex. May, 1798.

*Rodney's Notes.*\*

*Wilson, Ridgely* [for plaintiff]. *Peery, Miller* [for defendant].

October 23, 1780, deed from Levin Derickson, Commissioner (acknowledged November 7, 1782) to James Buchannon, father. Objected that the copy cannot be read in evidence not being recorded within the year.

*Wilson.* A copy from the Recorder no evidence only under the Act of Assembly, chapter 83. [1 Body Laws 187.]

*Bayard.* If the deed is not recorded under the Act of Assembly, it cannot be given in evidence only under certain circumstances etc. J. R. Jackson died about 1787. Jesse Green married his widow, [and they] have been in possession since about the year 1780. Will of James Buchannon, 1789, devised all his lands to his son Thomas. If notice given to party, not obliged to produce it. Morg.Ess. 160, the *inspeximus* of an ancient deed may be given in evidence etc.

---

\* This case is also reported in *Wilson's Red Book, 193.*

*Peery.* The deed is in the hands of the opposite party, and they should produce it etc.

*Ridgely.* Where a new law is made in the affirmative, it implies a negative. If we were obliged to produce the deed, we should have notice.

*J. Miller.* We contend this deed, under the circumstances, may be given in evidence against the party who took it. Affidavit of defendants read "do not know who has the deed" etc. This Court must decide either on the Act of Assembly or common law. Recorders have no power to put anything on their records, only agreeably to the Act of Assembly.

CHIEF JUSTICE. A majority of the Court are of opinion that the deed should go to the jury giving it such weight as it deserves, the defendant's affidavit precluding the necessity of notice. (JOHNS, J., was of opinion the deed was admissible under the Act of Assembly. RODNEY, J., *contra.* CHIEF JUSTICE gave no opinion on that point.)